UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Naomi Navarro-Horta,** | ) | **CASE NO. 4:26 CV 0005** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Warden, Mahoning County Justice Center**, *et al.,* | ) ) | |
| Respondents. | ) | |

**Background**

*Pro se* Petitioner Naomi Navarro-Horta, a 20 year-old non-citizen detained by the United States Immigration Customs and Enforcement Agency (ICE) in the Mahoning County Jail, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and Emergency Motion for a Temporary Restraining Order and Immediate Medical Care.  (Doc. Nos. 1, 2.)  In her Petition and Motion, Petitioner alleges that since the beginning of her detention on October 17, 2025, she has suffered serious dysfunctional uterine bleeding for which she has not been provided medical care.  Alleging deliberate indifference to her medical needs in violation of the Fifth Amendment, she seeks an order requiring that she be provided immediate and adequate medical care and evaluation and treatment or, in the alternative, immediate humanitarian release. (*See* Doc. No. 1 at 4, ¶ VIII.)

**Standard of Review and Discussion**

Federal district courts must conduct an initial review of habeas corpus petitions and must dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (applicable to § 2241 habeas corpus petitions pursuant to Rule 1(b)). Under 28 U.S.C. § 2243, "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). "No return is necessary when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Id*.

Upon review, the Court finds that the Petition must be dismissed because the claim Petitioner raises is not cognizable in a § 2241 habeas corpus petition. Habeas corpus is generally available to prisoners seeking relief from unlawful imprisonment or custody. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). But, while federal prisoners may use § 2241 to attack the manner in which their sentence is being executed, such as the computation of sentence credits or parole eligibility, *see Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)), § 2241 is not available to review questions unrelated to the cause of a prisoner's detention. *Noble v. Warden*, No. 4:23-cv-215, 2023 WL 3390770, at *3 (N.D. Ohio May 11, 2023), citing *Martin*, 391 F.3d at 714.

Prisoners challenging the "conditions of their confinement," such as the medical care they are receiving, must raise their claim in a civil rights action. *Noble,* 2023 WL 3390770, at

*3, citing *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973) and *Grief v. Williams*, No. 4:19-cv-2450, 2019 WL 5864783, at *2 (N.D. Ohio Nov. 8, 2019) (stating that a federal prisoner who desires to challenge the conditions of his confinement must file a civil rights action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)).

Here, because Petitioner is challenging the medical care she is receiving in federal ICE detention, she cannot seek relief by way of § 2241, but must instead assert her claim in a civil rights action under *Bivens*. *See Martinez v. Williams*, Case No. 4:21-cv-245, 2022 WL 899542 (N.D. Ohio Mar. 28, 2022) (dismissing without prejudice federal inmate's § 2241 action to the extent it related to respondent's alleged failure to properly treat his various medical conditions).

**Conclusion**

Accordingly, the Petition in this case dismissed pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases and 28 U.S.C. § 2243 and her Motion for a Temporary Restraining Order and Immediate Medical Care is denied. This dismissal is without prejudice to Petitioner's filing a civil rights action in a new case challenging the medical care she is receiving in ICE detention pursuant to *Bivens*. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge